**EXHIBIT 1**

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>Joshua L. Mathis,<br><br>Plaintiff,<br><br>vs.<br><br>Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc., Walmart Real Estate Business Trust, Walmart Stores East, LP,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br>Civil Action No.: 2024-CP-26-______<br><br>**SUMMONS**<br>**(Jury Trial Requested)** |

TO: THE DEFENDANTS ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscribed, George D. Jebaily, Jebaily Law Firm, P.A., P.O. Box 1871, Florence, South Carolina 29503-1871, within THIRTY (30) DAYS after the service hereof, exclusive of the date of such service; and if you fail to answer the Complaint within the time aforesaid, judgement by default will be rendered against you for the relief demanded in the Complaint.

JEBAILY LAW FIRM, P.A.

By: s/George D. Jebaily
George D. Jebaily, SC Bar No.: 2965
PO Box 1871
Florence, SC 29503-1871
Phone: 843-667-0400
Fax: 843-661-6424
E-mail: gjebaily@jebailylaw.com

ATTORNEY FOR PLAINTIFF

Florence, South Carolina

April 15, 2024

**EXHIBIT 1**

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF HORRY<br><br>Joshua L. Mathis,<br><br>Plaintiff,<br>vs.<br><br>Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc., Walmart Real Estate Business Trust, Walmart Stores East, LP,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS<br>FIFTEENTH JUDICIAL CIRCUIT<br>Civil Action No.: 2024-CP-26-_____<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff, above-named, complaining of the Defendants herein alleges:

**JURISDICTIONAL STATEMENT**

1. That the Plaintiff, Joshua L. Mathis, is a citizen and resident of the County of Allegheny, State of Pennsylvania.

2. That, upon information and belief, the Defendant, Walmart, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware, with an effective date of July 30, 1981 according to the South Carolina Secretary of State's website, and that at all times herein was authorized to conduct business and does conduct business as Walmart Supercenter Store #5087 within the County of Horry, State of South Carolina, pursuant to S.C. CODE ANN. §36-2-803 (1976 & Supp. 1997). *See Exhibit A*

3. That, upon information and belief, the Defendant, Scott Bisson, Jr. is a citizen and resident of the County of Horry, State of South Carolina and is the manager of the Walmart store in question.

4. That, upon information and belief, the Defendant, Walmart Real Estate Business Trust, is a foreign corporation organized and existing under the laws of the State of Delaware,with

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

an effective date of January 10, 1997 according to the South Carolina Secretary of State's Website, and that at all times herein was authorized to conduct business and does conduct business within the County of Horry, State of South Carolina pursuant to S.C. CODE ANN. §36-2-803 (1976 & Supp. 1997). *See Exhibit B*

5. That, upon information and belief, the Defendant, Walmart Stores East, LP, is a foreign corporation organized and existing under the laws of the State of Delaware,with an effective date of December 13, 2001 according to the South Carolina Secretary of State's Website, and that at all times herein was authorized to conduct business and does conduct business within the County of Horry, State of South Carolina pursuant to S.C. CODE ANN. §36-2-803 (1976 & Supp. 1997). *See Exhibit C*

6. That the subject incident occurred in the County of Horry, State of South Carolina.

7. That this Court has jurisdiction over the subject matter and issues in controversy.

**STANDARD OF CARE**

8. South Carolina courts have defined a business visitor as "an invitee whose purpose for being on the property is directly or indirectly connected with business dealings with the owner." Goode v. St. Stephens United Methodist Church, 329 S.C. 433, 441, 494 S.E.2d 827, 831 (Ct. App. 1997).

9. An invitee is owed a duty of care by the property owner to "discover risks and to warn of or eliminate foreseeable unreasonable risks." Landry v. Hilton Head Plantation Property Owners Association, Inc., 317 S.C. 200, 204, 452 S.E.2d 619, 622 (Ct. App. 1994).

10. Of the four general classifications of persons who come onto another's property, an invitee is owed the highest duty of care by the landowner.

11. That, upon information and belief, on or about May 6, 2021, the Plaintiff, Joshua L. Mathis, was an invitee, lawfully upon the subject premises owned by the Walmart Defendants

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

located at 550 Highway 17 North in North Myrtle Beach, South Carolina for the purpose of shopping in the store.

12. Plaintiff, Joshua L. Mathis was owed the duty of care of an invitee by Walmart and its manager, Scott Brisson, Jr., when he entered Walmart Store #5087 on May 6, 2021.

**FACTUAL ALLEGATIONS**

13. The Plaintiff hereby repeats and realleges the allegations contained in each and every paragraph above as if repeated verbatim herein.

14. That, upon information and belief, at all times relevant hereto, the Walmart Defendants, jontly and severally owned and/or maintained the premises of the Walmart Store #5087 located at 550 Highway 17 North in the County of Horry, State of South Carolina.

15. That the actions/inactions of the Defendants, jointly and severally, that gave rise to this matter occurred on the property owned and/or maintained by the Walmart Defendants and managed by Scott Brisson, Jr., located at 550 Highway 17 North., in the County of Horry, State of South Carolina.

16. That, upon information and belief, on May 6, 2021, the Plaintiff, Joshua L. Mathis, had entered Walmart Store #5087 and was shopping in the grocery area of the store when an aisle number sign fell striking him in the face.

17. That, upon information and belief, the sign was improperly installed and/or improperly maintained and was a dangerous condition/hazard to Plaintiff, Joshua L. Mathis, created by the Defendants.

18. Further, no warning was given to the Plaintiff, Joshua L. Mathis, that a dangerous condition existed.

19. That the Defendants, jointly and severally, were at all times relevant hereto, in control of the aforementioned premises.

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

20. That the Defendants had a duty to inspect and keep the premises in a reasonably safe condition.

21. That, upon information and belief, the Defendants, by and through their agents, servants and/or employees, either created the hazard then and there existing, or were on notice, either actual or constructive, of the aforementioned dangerous condition and breached their duty of due care owned to the Plaintiff, Joshua L. Mathis, by failing to take the action to correct said dangerous condition.

22. That the Defendants had a duty to warn the Plaintiff, Joshua L. Mathis, and other invitees of all dangerous conditions and hazards which they either knew about or should have known about, and had a duty to place warning signs notifying and alerting the Plaintiff and the general public of any such dangerous conditions.

**FOR A FIRST CAUSE OF ACTION – NEGLIGENCE JOINT & SEVERAL**

23. The Plaintiff hereby repeats and realleges the allegations contained in each and every paragraph above as if repeated verbatim herein.

24. That the injuries and damages sustained by the Plaintiff, Joshua L. Mathis were caused and occasioned by the negligent, grossly negligent, careless and reckless acts and/or omissions of the Defendants, jointly and severally, in one or more of the following particulars, to wit:

(a) In causing or creating a hazardous condition;

(b) In then and there failing to have signs stating a hazardous condition existed;

(c) In then and there failing to properly inspect the premises in question;

(d) In then and there failing to warn customers of the dangerous hazard in the store;

(e) In then and there failing to properly maintain the premises in question;

(f) In failing to properly develop procedures for safely installing signage in their store, and if so properly developed, in failing to properly follow such procedure;

(g) In failing to properly develop procedures for timely inspecting and maintaining its premises, and if so properly developed, in failing to properly follow such procedures;

(h) In then and there failing to take any action, by any means, to prevent customers/patrons from being injured on its premises, specifically the Plaintiff;

(i) In then and there failing to exercise that degree of care and caution which a reasonable and prudent person would have exercised under the same or similar circumstances;

(j) Violated the laws, statutes, and ordinances of the State of South Carolina, and/or failed to follow proper procedures to safely maintain the premises in question; and,

(k) Was guilty of other negligent acts and omissions not specifically alleged but to be proven at trial.

Which negligence, gross negligence, carelessness and recklessness of the Defendants, jointly and severally, directly and proximately caused the injuries and losses of the Plaintiff, Joshua L. Mathis, as is hereafter set forth.

25. That, as the direct and proximate result of the aforesaid negligent, grossly negligent, careless, reckless, willful and wanton acts and/or omissions of the Defendants, the Plaintiff, Joshua L. Mathis:

(a) Was unable to protect himself from or avoid being struck in the head/face by a falling sign;

(b) Was severely, seriously, painfully and permanently injured;

(c) Suffered injuries, bruises, contusions and lacerations about various parts of his face and head;

(d) Was forced to undergo medical care for an extensive period of time;

(e) Was subjected to the administration of strong and potent drugs and medications;

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

(f) Suffered extreme, painful and dangerous injuries to his head, nose and right eye to include post concussive syndrome/closed head injury, headaches, double visions and photophobia from which the Plaintiff is informed and believes he will have permanent adverse effect and disability;

(g) Has incurred, is continuing to incur and will incur in the future, substantial medical and doctor bills due to his injuries;

(h) Was and continues to be subjected to extreme pain, mental anguish, emotional distress, suffering and discomfort over a long period of time; and

(i) Has been and will be, prevented from attending to usual and ordinary household duties.

All to his damage, both actual and punitive, in an amount to be determined by the trier of facts.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount to be determined by the trier of facts, actual and punitive damages, for his costs of this action, and for such other and further relief as this Honorable Court deems just and proper.

JEBAILY LAW FIRM, P.A.

By: s/George D. Jebaily

George D. Jebaily, SC Bar No.: 2965
PO Box 1871
Florence, SC 29503-1871
Phone: 843-667-0400
Fax: 843-661-6424
E-mail: gjebaily@jebailylaw.com

ATTORNEY FOR PLAINTIFF

Florence, South Carolina

April 15, 2024

EXHIBIT 1

South Carolina Secretary of State

# Business Entities Online

File, Search, and Retrieve Documents Electronically

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

## Walmart Inc.

### Corporate Information

**Entity Id:** 00361402

**Entity Type:** Corporation

**Status:** Good Standing

**Domestic/Foreign:** Foreign

**Incorporated State:** Delaware

### Important Dates

**Effective Date:** 07/30/1981

**Expiration Date:** N/A

**Term End Date:** N/A

**Dissolved Date:** N/A

### Registered Agent

**Agent:** C T CORPORATION SYSTEM

**Address:** 2 Office Park Court Suite 103
Columbia, South Carolina 29223

### Official Documents On File

| Filing Type | Filing Date |
|---|---|
| Application for an Amended Certificate of Authority to Transact Business | 02/01/2018 |
| Change of Agent or Office | 05/22/2010 |
| Change of Agent or Office | 03/31/2004 |
| Change of Agent or Office | 09/03/2002 |
| Change of Agent or Office | 06/11/1999 |
| Change of Agent or Office | 10/21/1998 |
| Amendment | 09/11/1991 |
| Amendment | 02/04/1985 |
| Amendment | 09/15/1983 |
| Amendment | 09/07/1982 |
| Incorporation | 07/30/1981 |

### Former Names

EXHIBIT 1

| Name | Filing Date |
|---|---|
| SAM'S WHOLESALE CLUB | N/A |
| WAL-MART STORES, INC. | N/A |

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599


Copyright © 2024 State of South Carolina

EXHIBIT 1

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

**South Carolina Secretary of State**

# Business Entities Online

File, Search, and Retrieve Documents Electronically

# WAL-MART REAL ESTATE BUSINESS TRUST

## Corporate Information

**Entity Id:** 00265973

**Entity Type:** Corporation

**Status:** Good Standing

**Domestic/Foreign:** Foreign

**Incorporated State:** Delaware

## Important Dates

**Effective Date:** 01/10/1997

**Expiration Date:** N/A

**Term End Date:** N/A

**Dissolved Date:** N/A

## Registered Agent

**Agent:** C T CORPORATION SYSTEM

**Address:** 2 OFFICE PARK COURT SUITE 103
COLUMBIA, South Carolina 29223

### Official Documents On File

| Filing Type | Filing Date |
|---|---|
| Change of Agent or Office | 05/22/2010 |
| Change of Agent or Office | 03/31/2004 |
| Change of Agent or Office | 09/03/2002 |
| Change of Agent or Office | 06/11/1999 |
| Change of Agent or Office | 10/21/1998 |
| Authority | 01/10/1997 |



Copyright © 2024 State of South Carolina

EXHIBIT 1



ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

# WAL-MART STORES EAST, LP

Assumed Name(s)

**WAL-MART NEIGHBORHOOD MARKET; WAL-MART SUPERCENTER; WAL-MART SUPERCENTER; WALMART CARE CLINIC 10-0630; WALMART CARE CLINIC 10-0511; Walmart #7181; Walmart Market #373; Walmart #632; Walmart #4487; Walmart #0795**

## Corporate Information

**Entity Id:** 00065806

**Entity Type:** Limited Partnership

**Status:** Good Standing

**Domestic/Foreign:** Foreign

**Incorporated State:** Delaware

## Important Dates

**Effective Date:** 12/13/2001

**Expiration Date:** N/A

**Term End Date:** N/A

**Dissolved Date:** N/A

## Registered Agent

**Agent:** C T CORPORATION SYSTEM

**Address:** 2 OFFICE PARK COURT SUITE 103
COLUMBIA, South Carolina 29223

### Official Documents On File

| Filing Type | Filing Date |
|---|---|
| Assumed Name Certificate | 03/27/2024 |
| Assumed Name Certificate | 02/29/2024 |
| Assumed Name Certificate | 09/18/2018 |
| Assumed Name Certificate | 01/18/2018 |
| Assumed Name Certificate | 04/10/2017 |
| Assumed Name | 07/29/2014 |
| Assumed Name | 07/29/2014 |
| Change of Agent or Office | 05/06/2010 |
| Merger/Share Exchange | 03/22/2005 |
| Amendment | 04/02/2004 |

EXHIBIT 1

| Filing Type | Filing Date |
|---|---|
| | 11/17/2003 |
| | 11/17/2003 |
| | 11/17/2003 |
| Change of Agent or Office | 09/03/2002 |
| LP Certificate | 12/13/2001 |

**Assumed Names**

| Assumed Name | Effective Date | Expiration Date | Status Type |
|---|---|---|---|
| WAL-MART NEIGHBORHOOD MARKET | N/A | N/A | Active |
| WAL-MART SUPERCENTER | N/A | N/A | Active |
| WAL-MART SUPERCENTER | N/A | N/A | Active |
| WALMART CARE CLINIC 10-0630 | 07/29/2014 | N/A | Active |
| WALMART CARE CLINIC 10-0511 | 07/29/2014 | N/A | Active |
| Walmart #7181 | 04/10/2017 | 12/31/2022 | Active |
| Walmart Market #377 | 01/18/2018 | 12/31/2023 | Active |
| Walmart #632 | 09/21/2018 | 12/31/2023 | Active |
| Walmart #4487 | 02/29/2024 | 12/31/2029 | Active |
| Walmart #0795 | 03/27/2024 | 12/31/2029 | Active |


Copyright © 2024 State of South Carolina

ELECTRONICALLY FILED - 2024 Apr 15 4:39 PM - HORRY - COMMON PLEAS - CASE#2024CP2602599

**EXHIBIT 1**

ELECTRONICALLY FILED - 2024 Jul 29 11:23 AM - HORRY - COMMON PLEAS - CASE#2024CP2602599

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | ) **IN THE COURT OF COMMON PLEAS** |
| | ) **FIFTEENTH JUDICIAL CIRCUIT** |
| **COUNTY OF HORRY** | ) **Civil Action No.: 2024-CP-26-02599** |

| | |
|---|---|
| **Joshua L. Mathis,** | ) |
| **Plaintiff,** | ) |
| -vs- | ) **CERTIFICATE OF SERVICE** |
| **Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc. Walmart Real Estate Business Trust, Walmart Stores East, LP,** | ) |
| **Defendants.** | ) |

I, the undersigned employee of Jebaily Law Firm, P.A., do hereby certify that I have served **Defendant, Walmart Stores East, LP**, with a copy of the foregoing Summons and Complaint, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Requests for Production to Defendant and Plaintiff's Notice of Rule 30(b)(6) Video Deposition of Defendant and 30(b)(5) Request for Documents along with Subpoena and Exhibit A Attachment in connection with the above referenced case by mailing a copy of same certified, return receipt requested with proper postage affixed thereto via the USPS as follows:

CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

*Kristi L. Lindley*

Florence, South Carolina

July 23, 2024

# EXHIBIT 1

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
2 Office Park Ct Ste 103
Columbia SC 29223

9590 9402 8441 3156 4784 16

2. Article Number *(Transfer from service label)*

7015 3430 0000 0245 8433

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Pam Johnson

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery
7/26/24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
Mail Restricted Delivery
500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 29 11:23 A

**EXHIBIT 1**

USPS TRACKING#

COLUMBIA SC 290

27 JUL 2024 PM 4 L

9590 9402 8441 3156 4784 16

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Jebaily Law Firm PA
Attn: KLL
PO Box 1871
Florence SC 29503-1871

Walmart Stores East LP
21-80 [illegible]

ELECTRONICALLY FILED - 2024 Jul 29 11:23 A

**EXHIBIT 1**

ELECTRONICALLY FILED - 2024 Jul 31 10:35 AM - HORRY - COMMON PLEAS - CASE#2024CP2602599

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF HORRY** | **FIFTEENTH JUDICIAL CIRCUIT** <br> **Civil Action No.: 2024-CP-26-02599** |
| **Joshua L. Mathis,** <br> **Plaintiff,** <br> -vs- <br> **Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc. Walmart Real Estate Business Trust, Walmart Stores East, LP,** <br> **Defendants.** | **CERTIFICATE OF SERVICE** |

I, the undersigned employee of Jebaily Law Firm, P.A., do hereby certify that I have served **Defendant, Walmart Real Estate Business Trust**, with a copy of the foregoing Summons and Complaint, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Requests for Production to Defendant and Plaintiff's Notice of Rule 30(b)(6) Video Deposition of Defendant and 30(b)(5) Request for Documents along with Subpoena and Exhibit A Attachment in connection with the above referenced case by mailing a copy of same certified, return receipt requested with proper postage affixed thereto via the USPS as follows:

CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

*Kristi L. Lindley*

Florence, South Carolina

July 23, 2024

**EXHIBIT 1**

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
2 Office Park Ct. Ste 103
Columbia SC 29223

9590 9402 8441 3156 4784 23

2. Article Number *(Transfer from service label)*

7015 3430 0000 0245 8426

***COMPLETE THIS SECTION ON DELIVERY***

A. Signature

X Pam Johnson

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

7/26/24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
...ail
...ail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

ELECTRONICALLY FILED - 2024 Jul 31 10:35 A

**EXHIBIT 1**

USPS TRACKING #

COLUMBIA SC 290
29 JUL 2024 PM 3 L

9590 9402 8441 3156 4784 23

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Jebaily Law Firm PA
Attn: KLL
PO Box 1871
Florence SC 29503-1871

Walmart R.E.B.T.
-18717 21-8059+Gog/kly

ELECTRONICALLY FILED - 2024 Jul 31 10:35 A

**EXHIBIT 1**

ELECTRONICALLY FILED - 2024 Aug 14 11:57 AM - HORRY - COMMON PLEAS - CASE#2024CP2602599

STATE OF SOUTH CAROLINA
COUNTY OF HORRY

JOSHUA L. MATHIS,

PLAINTIFF(S),

VS.

SCOTT BRISSON, JR. AS MANAGER OF WALMART SUPERCENTER STORE #5087, WALMART, INC, WALMART REAL ESTATE BUSINESS TRUST, WALMART STORES EAST, LP,

DEFENDANT(S)

RETURN OF SERVICE

CASE NUMBER: 2024-CP-26-02599

# SUMMONS # COMPLAINT # PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SCOTT BRISSON, JR. MANAGER AS MANAGER OF WALMART SUPERCENTER STORE # 5087 # PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO

THE UNDERSIGNED, Mack Harrelson, being duly sworn, says that he served the following:
DEFENDANT SCOTT BRISSON, JR. AS MANAGER AS MANAGER OF WALMART SUPERCENTER STORE #5087 # PLAINTIFFS' NOTICE OF VIDEO DEPOSITION OF DEFENDANT SCOTT BRISSON, JR. MANAGER, AS MANAGER OF WALMART SUPERCENTER, AS MANAGER, AS MANAGER OF WALMART SUPERCENTER STORE #5087 # SUBPOENA IN A CIVIL CASE
in the above action on:
SCOTT BRISSON, JR. MANAGER C/O: WALMART SUPERCENTER # 5087
(Name of Person Served) 550 HWY. 17 NORTH/NORTH MYRTLE BEACH, S.C. 29582

_____ By delivering a copy to _____
(Plaintiff or Defendant)

PERSONALLY By delivering a copy to VIRANDA JAMES - ASST. MANAGER / GM COACH
(Name of Person ...)

_____ A person of suitable age and discretion at the following location:

550 HWY. 17 NORTH - NORTH MYRTLE BEACH, S.C. 29582

Time and Date of Service: 6:45 P M. on the 8 day of AUGUST, 20 24.

Was not served for the following reasons:

CANDACE COLLINS
Notary Public - State of South Carolina
My Commission Expires
February 14, 2033

SWORN to before me this 9th day of August, 20 24.

C Collins

Notary Public for South Carolina
My Commission Expires: 2/14/33

Cheryl Morera

MB Process Server
P.O. Box 260
Conway SC 29528

EXHIBIT 1

<KRISTI>

28209


# JOYCE HARRELSON
# MACK HARRELSON
Professional Process Server
PO Box 6826 • Florence, SC 29502
(843) 621-6090 Cell
(843) 319-3086 Cell
(843) 407-5013 Fax


Make checks payable to
Joyce Harrelson
Tax ID # 409337144

## STATEMENT

Date AUG. 9, 2024

TO GEORGE D. JABAILY
P.O. BOX 1871
FLOR. S.C. 29503

Terms # 2024-CP-26-02599 Date

JOSHUA L. MATHIS,
VS.
SCOTT BRISSON, JR. ETAL

SERVED: SCOTT BRISSON, JR MANAGER 85.00
C/O: WALMART SUPERCENTER #5087
C/O: VIRANDA JAMES-ASSISTANT
MANAGER/GM COACH
@ 550 HWY. 17 NORTH
NORTH MYRTLE BEACH, S.C.
29582

MILEAGE 180 X .68 122.40

$ 207.40

Thank You!

Thank You!

Printed By S/W Printing Company • 843-662-5207

ELECTRONICALLY FILED - 2024 Aug 14 11:57 AM - HORRY - COMMON PLEAS - CASE#2024CP2602599

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | **FIFTEENTH JUDICIAL CIRCUIT** |
| **COUNTY OF HORRY** | ) | **Civil Action No.: 2024-CP-26-02599** |
| **Joshua L. Mathis,** | ) | |
| **Plaintiff,** | ) | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT WALMART REAL ESTATE BUSINESS TRUST** |
| **-vs-** | ) | |
| **Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc., Walmart Real Estate Business Trust, Walmart Stores East, LP,** | ) | |
| **Defendants.** | ) | |

TO: THE DEFENDANT,WALMART REAL ESTATE BUSINESS TRUST:

**INTERROGATORIES**

YOU ARE HEREBY served the following written Interrogatories to be answered separately and in writing by the above-named parties within thirty (30) days from the date of service hereof, pursuant to and in accordance with the provisions of Rule 33 of the South Carolina Rules of Civil Procedure.

These Interrogatories shall be deemed continuing so as to require supplemental answers if Defendant, or anyone on behalf of Defendant, obtains further information between the time the answers are received and the time of trial.

**INTERROGATORIES**

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2. Set forth a list of photographs, plats, sketches or other prepared documents in possession of the party or counsel that relate to any claim or the defense of the case.

3. Set forth the names and addresses of all insurance companies which have liability or any other insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.

4. List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case.

5. For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

6. Identify by name, address, and telephone number each person who has complained that he or she suffered an injury on the Defendant's premises in the past five years.

7. Identify all civil lawsuits filed in the past five years in which this Defendant is named as a defendant in such litigation. In responding, provide the caption of the case, the civil action number, the court in which such action was filed, and the disposition of such claim if ended. Identify whether or not still pending. Provide the name, address and telephone number of Plaintiffs' counsel in all such cases. If you respond with an objection, identify by name, address and telephone number each person consulted for the information sought, and who has provided information, which in whole or in part, provides the basis of the objection.

8. Identify with specificity and in detail any changes or alterations to the Defendant's premises which have occurred in the area where Plaintiff was injured, subsequent to the injury.

9. Please identify any warnings utilized since the time of Plaintiff's injuries which were not in use prior to Plaintiff's injuries, including the time of the injury.

10. Identify each person who conducted, or participated in, any investigation of the incident complained of in the Complaint, other than counsel for the Defendant and counsel's legal staff.

11. Identify with particularity any and all documents contained in any file created as part of any investigation into the incident, other than similar documents created by Defendant's counsel.

12. Identify any policies or procedures for inspection of the premises for the purpose of identifying dangerous circumstances which could cause injury to customers and patrons of the Defendant.

13. Identify any and all surveillance tapes, video, photographs or other recorded visual images taken within the 24-hour period of time preceding, and the 24 hour period of time subsequent to the time of Plaintiff's injuries and including the time of the injury.

14. Describe in detail the area where Plaintiff's injuries occurred.

15. How did the Defendant first learn of the incident complained of in the Complaint?

16. Identify with specificity all training procedures utilized for the training of Defendant's employees with regard to customers being injured by signage/aisle signs inside the store, locating and identifying potentially dangerous or hazardous conditions on Defendant's premises, and similar training within the two year period of time preceding Plaintiff's injuries. (This Interrogatory is intended to discover such information as video tapes shown to employees as part of training, any seminars to which employees have been sent for training, in-house training materials, audio cassettes, films, slide shows presentations and any and all other training received by any employees of the Defendant within the time period requested as to the matters identified in this Interrogatory.)

17. Please identify by name, address, title and job description, each employee or representative of the Defendant, other than Defendant's counsel and supporting legal staff, who provided any information utilized in answering these Interrogatories on behalf of the Defendant.

18. Identify with particularity each document which provided any instructions, directives, orders, policies or procedures in effect for maintaining and promoting the safety of customers at the time of Plaintiff's injuries.

19. Identify with the name, address and telephone number any person or entity whom you believe to be partially, or completely, responsible for the injury suffered by Plaintiff on or about May 6, 2021.

20. Identify any and all written or recorded statements and/or incident reports made by any person regarding this incident. If any privilege is claimed with respect to any such written or recorded statement, identify the nature of the privilege, the date, time and location where the statement was taken or created, and any and all persons present at the time the statement was created. (Provide a detailed Privilege Log).

21. Identify with particularity any and all prior injuries and conditions which you allege the Plaintiff has suffered which are the same or similar to the injuries suffered as a result of the incident complained of in the Complaint.

22. If you contend that any other person or entity contributed to, or solely caused Plaintiff's injuries, describe with particularity the manner in which such person or entity contributed to or solely caused, such injuries.

23. Identify all contact with the Plaintiff by the Defendant, or any of the Defendant's employees or agents, following the time of Plaintiff's injuries up to and including through the present. This Interrogatory should be supplemented as appropriate up to and including the time of trial.

24. Identify any persons who have observed or recorded the Plaintiff in any fashion whatsoever from the time of the incident up to and including through the present. This Interrogatory should be supplemented as appropriate up to and including the time of trial.

25. Please identify by full name, home address, correct title and position within the Defendant's organizational structure, all persons with responsibility for each of the following:

a. Maintaining the safety of customers of the Defendant's at the location in question for a twelve month period of time preceding the time of Plaintiff's injuries and including the time of the injury. In responding to this Interrogatory, provide the chain of command for each person beginning with the highest level employee (for example, the Chief Executive Officer) with such responsibilities, down through and including any salaried or hourly waged employee who had direct responsibility for maintaining a safe premises for customers;

b. Monitoring the premises on any basis for dangerous conditions;

c. Putting up warnings of hazardous/dangerous conditions;

d. Putting up warning signs, cones, barriers or other devices and signs whose primary purposes are to keep customers away from hazardous and dangerous conditions;

e. Purchasing warning signs, cones, barriers or other devices or signs for the purpose of keeping customers away from hazardous and dangerous conditions; and,

f. Installing and maintaining aisle signs upon the premises.

26. Identify the type of business form in which the Defendant conducts business. (For example, C-Corporation, Sub-S Corporation, Limited Liability Company, Partnership, Sole Proprietorship, Joint Venture, Limited Partnership, etc.)

27. Identify the date on which the Defendant's entity commenced business in the State of South Carolina and identify all names under which the Defendant's entity has conducted business in the State of South Carolina, providing the dates for each.

28. If you contend that any Defendant is not properly named in the caption of the Complaint, state what you contend to be the proper name of such Defendant entity or person.

29. Identify with specificity, including name, address and telephone number, the owner of the premises at the time of Plaintiff's injuries.

30. If any lease or sub-lease, etc. was in effect at the time of Plaintiff's injuries, identify all tenants, sub-tenants, etc.

31. Identify with specificity, including name, address and telephone number, the property management company of the premises at the time of Plaintiff's injuries.

32. What legal status do you allege the Plaintiff held from first entrance onto the Defendant's premises, up to and including the time of the injury (*e.g.*, business invitee)?

JEBAILY LAW FIRM, P.A.

BY: ______________________________

George D. Jebaily, SC Bar No.: 2965
Post Office Box 1871
Florence, South Carolina 29503-1871
Phone: (843) 667-0400
Fax: (843) 661-6424
E-mail: gjebaily@jebailylaw.com
ATTORNEY FOR PLAINTIFF

Florence, South Carolina

July 23, 2024

**EXHIBIT 1**

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | **FIFTEENTH JUDICIAL CIRCUIT** |
| **COUNTY OF HORRY** | ) | **Civil Action No.: 2024-CP-26-02599** |
| **Joshua L. Mathis,** | ) | |
| **Plaintiff,** | ) | **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, WALMART REAL ESTATE BUSINESS TRUST** |
| **-vs-** | ) | |
| **Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc. Walmart Real Estate Business Trust, Walmart Stores East, LP,** | ) | |
| **Defendants.** | ) | |

TO: THE DEFENDANT, WALMART REAL ESTATE BUSINESS TRUST:

**REQUESTS FOR PRODUCTION**

The Plaintiff requests that the Defendant produce the documents requested below and permit the Plaintiff to copy each of the original documents in accordance with Rule 34 of the South Carolina Rules of Civil Procedure. Production responses to this request shall be made at the offices of Jebaily Law Firm, P.A., Post Office Box 1871, Florence, South Carolina, 29503-1871, within thirty (30) days of service hereof.

**REQUESTS FOR PRODUCTION**

1. Please provide any and all documents referenced in the Answers to Interrogatories or used in responding to Interrogatories.

2. Please provide any and all expert reports regarding the incident or relating to this lawsuit.

3. Please provide any and all documents that Defendant intends to use at trial as evidence or as an exhibit.

4. Please provide any and all statements, incident reports, memoranda, or other writings signed or unsigned, descriptions of statements, records, or other written accounts relating to the facts alleged in the lawsuit, or of any other investigations with regard to the incident of May 6,

2021.

5. Please produce copies of any and all photographs that relate to either the incident or the alleged injuries to Plaintiff as a result of any of the incidents alleged in the complaint.

6. Please produce all recordings, films, charts, sketches, or graphs of the incident and the facts occurring thereafter, including photographs, whether digital or otherwise, regarding this case.

7. Please provide all investigations and the results thereof conducted by the Defendant, Defendant's counsel or any other organization regarding this case.

8. Any and all indemnity agreements between the Defendant and any other person or entity that relates in any fashion to Plaintiff's claims.

9. Any and all contracts between the owner and occupier of the premises at the time of Plaintiff's injury.

10. Any and all lease agreements, sub-lease agreements or similar agreements in effect for the premises at the time of Plaintiff's injury.

11. Any and all maintenance or repair services in effect at the time of Plaintiff's injury.

12. Any and all documents, architectural renderings, plans, drawings, specifications and similar written materials which relate to the area where Plaintiff was injured.

13. Each document which describes this Defendant's legal status at the time of Plaintiff's injury. (This request for production seeks, as applicable, articles of incorporation, partnership agreements, management or operating agreement for any limited liability company, etc.)

14. Any and all training manuals, policy and procedure manuals, or other written documentation relating to the manner in which Defendant and its agents/employees could have, or should have, been conducting themselves in the general time preceding and following Plaintiff's injury and including the time of the injury.

15. Any and all materials, photographs, video tapes, audio cassettes, diagrams, slide show presentations, and other materials or guidelines utilized to train Defendant's employees for the two years preceding Plaintiff's injury, up to and including the present.

16. Any and all photographs, video tapes, surveillance videos and similar imagery of the scene where Plaintiff suffered injuries.

17. Any and all reports prepared by any persons investigating the matters complained of in the Complaint, including expert witness reports, with the exception of documents prepared by Defendant's counsel. If any privilege is claimed with respect to any such documents, identify the nature of the document, the date and time of its preparation, the person requesting the preparation of the document, the person(s) to whom the document was provided, and the current whereabouts of the document and all copies.

18. Produce copies of all complaints naming the Defendant as a defendant, where the complaint included allegations of an injury occurring on the Defendant's premises, and which was filed within the five-year period of time preceding Plaintiff's injury and up to and including the present.

19. Any and all settlement agreements and releases with any persons who have alleged to have been injured on the Defendant's premises in the five-year period of time preceding Plaintiff's injury, up to and including the present.

20. Please produce copies of all documents obtained by the Defendant or anyone acting on their behalf via Subpoena *Duces Tecum,* signed authorization form, FOIA request, or other legal process. Please also produce subpoenas and/or other requests served upon any **non-parties** as well as copies of all documents you received in response to said subpoenas/requests.

**EXHIBIT 1**

This is intended as an ongoing request pursuant to SCRCP 34 and 45(c)(2)(A) and applies to any Subpoena *Duces Tecum* or other request, form, or process issued or sent either before or after these Requests for Production.

21. If a document is withheld under a claim of privilege, then pursuant to Rule 26(b)(5), SCRCP, please furnish a comprehensive list identifying each document for which privilege is claimed, together with the following information:

a. Date
b. Sender
c. Recipient
d. Persons to whom copies were furnished together with their job titles
e. Subject matter, and
f. Basis upon which privilege is claimed.

JEBAILY LAW FIRM, P.A.

BY: ____________________________

George D. Jebaily, SC Bar No.: 2965
Post Office Box 1871
Florence, South Carolina 29503-1871
Phone: (843) 667-0400
Fax: (843) 661-6424
E-mail: gjebaily@jebailylaw.com
ATTORNEY FOR PLAINTIFF

Florence, South Carolina

July 23, 2024

**EXHIBIT 1**

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| | **FIFTEENTH JUDICIAL CIRCUIT** |
| **COUNTY OF HORRY** | **Civil Action No.: 2024-CP-26-02599** |
| **Joshua L. Mathis,** | |
| **Plaintiff,** | **PLAINTIFFS NOTICE OF RULE 30(B)(6) VIDEO DEPOSITION OF DEFENDANT, WALMART REAL ESTATE BUSINESS TRUST AND 30(B)(5) REQUESTS FOR DOCUMENTS** |
| **-vs-** | |
| **Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc., Walmart Real Estate Business Trust, Walmart Stores East, LP,** | |
| **Defendants.** | |

**TO: THE DEFENDANT, WALMART REAL ESTATE BUSINESS TRUST:**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6), South Carolina Rules of Civil Procedure, Plaintiff will take the video deposition of the following person(s) at the date, time and place set forth hereinafter upon examination before a court reporter/videographer who is authorized by law to take depositions, at which time you are notified to appear and take such part in the aforementioned as you may be advised and as shall be fit and proper:

| **WITNESS** | **DATE** | **TIME** | **PLACE** |
|---|---|---|---|
| Walmart Real Estate Business Trust by its agent(s) designated pursuant to Rule 30(b)(6), South Carolina Rules of Civil Procedure, to testify regarding the following: | 11/14/24 | 12:00 p.m. | Jebaily Law Firm, P.A.<br>697 North Main Street<br>North Myrtle Beach, SC 29582 |

1. The business status of, its establishment, past and present ownership, and history.
2. Any information relative to any and all companies or organizations, other than Walmart Real Estate Business Trust that is responsible for the defense of this matter.

3. Walmart Real Estate Business Trust's knowledge of the events leading up to the incident that occurred on May 6, 2021, which is the subject of this lawsuit, as well as the incident itself.

4. Information on Walmart Real Estate Business Trust's, corporate organization, including predecessors, successors, subsidiaries, directors, officers, and principal shareholders.

5. Claims, notices, and lawsuits filed against Walmart Real Estate Business Trust for personal injuries sustained upon the premises of the store/property in question for the time period including May 6, 2019 through May 6, 2023.

6. The person most knowledgeable with respect to any personal injuries related to falling aisle signs at Defendant's store/property where this incident occurred, for the time period May 6, 2019 through May 6, 2023.

7. Walmart Real Estate Business Trust's procedures for reporting incidents resulting in personal injury.

8. Walmart Real Estate Business Trust's investigation of the subject incident that occurred on May 6, 2021, resulting in the Plaintiff's injuries.

9. Walmart Real Estate Business Trust's knowledge of any documents generated by any entity relating to the incident that is subject to this lawsuit.

10. Walmart Real Estate Business Trust's knowledge of any documents, including but not limited to, photographs, videos, incident reports, witness statements, maintenance/repair orders or electronic data, generated by any entity relating to the incident that is the subject of this lawsuit.

11. The person most knowledgeable with respect to any pictures of the area where the subject incident occurred taken by Defendant, or its agents or employees.

12. Video surveillance at the store/property in which the Plaintiff was injured on May 6, 2021.

13. Video, photo, and file retention policies in place May 6, 2021.

14. Walmart Real Estate Business Trust's knowledge of any and all witnesses having knowledge of the facts of this case, including identity and contact information.

15. Walmart Real Estate Business Trust's knowledge of the names of all insurance companies or other insuring entities which may be liable to satisfy part of or all of any judgment entered against Walmart Real Estate Business Trust in this action.

16. The hiring and firing practices of Walmart Real Estate Business Trust, and specifically the store/property in question.

17. Responsibilities of the manager on or around May 6, 2021, as they pertained to employee and customer safety, employee training, employee hiring, employee supervision, and enforcement of safety protocols and procedures.

18. The policies and procedures utilized for training of Walmart Real Estate Business Trust's agents and employees related to customer safety; visitors' and invitees' safety; locating and identifying potentially hazardous or defective conditions on Walmart Real Estate Business Trust; and similar training.

19. The employee training program in place on May 6, 2021 regarding safety.

20. How managers and employees are trained in customer and employee safety concerning aisle signs.

21. The policies and procedures that Walmart Real Estate Business Trust's agents, employees, or representatives are to follow when they discover a condition on the premises that could give rise to injury.

22. Policies and procedures associated with customer injury incidents, as they existed on May 6, 2021.
23. Protocols and procedures associated with accident prevention in place on May 6, 2021.
24. Policies and procedures associated with inspecting and maintaining aisle signs at the subject store/property, as they existed on May 6, 2021.
25. The post-accident counter measures implemented to prevent a recurrence of the events that took place on May 6, 2021, regarding the Plaintiff.
26. Safety Committee Meetings as they were conducted on or around May 6, 2021.
27. The person most knowledgeable with respect to the staff on duty at the time of the incident on May 6, 2021, injuring Plaintiff, and in the twelve (12) hours prior to the said incident, and the responsibilities of the individual staff members with respect to inspecting the aisle signs and maintaining the safety of the store/property.
28. The person most knowledgeable with respect to the staff who inspected the area where Plaintiff was injured on May 6, 2021, before and after Plaintiff's injury.
29. The person most knowledgeable with respect to the staff who responded to the incident on May 6, 2021, wherein Plaintiff was injured.
30. The person most knowledgeable with respect to any inspections of the aisle signs of the subject store/property on May 6, 2021, including the area where Plaintiff was injured, prior to Plaintiff's injury.
31. The person most knowledgeable as to the conditions of the aisle sign that fell injuring the Plaintiff on May 6, 2021, including any defects, and how defects got there.
32. The person most knowledgeable with respect to the scheduling of aisle sign inspections at Defendant's store/property and the staffing for signage at Defendant's store/property. This designation does not seek information on the individuals who actually performed

the work on the signs, but instead is seeking information as to Defendant's employees and agents responsible for determining when the signs would be inspected, who would inspect them, and how it was determined when the signs would be repaired.

33. The rules and regulations to properly maintain the corporation's business license.

34. Walmart Real Estate Business Trust's knowledge of past civil lawsuits involving their corporation.

35. Any additional matters relating to the incident that is the subject of this lawsuit.

The examination will continue from day to day until completed. This deposition is being taken for the purpose of discovery, will be recorded and used as evidence at trial, and for all other purposes pursuant to SCRCP 30(b)(6) and as are permitted under the rules of this Court and all applicable statutes and laws.

The designated official(s) of Walmart Real Estate Business Trust shall bring all documents in the official's possession, or in the possession of the Defendant corporation, that relate to the subject matter to which the official will testify.

**REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO SCRCP 30(b)(5)**

The Plaintiff hereby requests the production of the following documents at the deposition pursuant to SCRCP 30(b)(5):

1. Any and all documents reasonably related in any way to the SCRCP 30(b)(6) Notice topics above;

2. Any and all documents used by, consulted, looked at, or relied on in any way by the Defendant or corporate representatives in preparing for the topics above;

3. The Safety Resource Manual; weekly safety talks; training maintenance procedures; safety training topics; safety toolkit; safety talk topics; Customer Accident Investigation

and Reporting Procedures Guideline (Customer Accident Investigation); management supplement for customer/member incidents; closed circuit television and camera policy; Walmart Real Estate Business Trust CCTV Systems Guidelines; position specific workbook for all positions; position specific job descriptions; emergency management policy and guidelines; Department Safety Solutions; and all CBL modules.

4. Any and all documents sought in any previous Requests for Production of Documents that have not yet been fully produced.

Pursuant to SCRCP 30(f), Plaintiff's counsel anticipates that all documents produced by the Defendant or obtained through other means in this litigation will likely be shown to the deponent(s) and marked as exhibits during the deposition.

JEBAILY LAW FIRM, P.A.

BY:______________________________

George D. Jebaily, Federal Bar ID: 2965
Post Office Box 1871
Florence, South Carolina 29503-1871
Phone: (843) 667-0400
Fax: (843) 661-6424
E-mail: gjebaily@jebailylaw.com

ATTORNEY FOR PLAINTIFF

Florence, South Carolina

July 23, 2024

**EXHIBIT 1**

# STATE OF SOUTH CAROLINA

ISSUED BY THE COMMON PLEAS COURT IN THE COUNTY OF HORRY

Joshua L. Mathis, Plaintiff

v.

SUBPOENA IN A CIVIL CASE

Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc., Walmart Real Estate Business Trust, Walmart Stores East, LP, Defendants

Case Number: 2024-CP-26-02599

Pending in Horry County

**TO: Walmart Real Estate Business Trust c/o CT Corporation System, 2 Office Park Court, Suite 103, Columbia, SC 29223**

☐ YOU ARE COMMANDED to appear in the above named court at the place, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME , AM |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| PLACE OF DEPOSITION | DATE AND TIME 11/14/2024 12:00 PM |
|---|---|
| **Jebaily Law Firm, PA<br>697 Main Street<br>North Myrtle Beach, SC 29582** | |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below (list documents or objects): See Exhibit A Attachment for Documents**

| PLACE | DATE AND TIME |
|---|---|
| **PLACE Jebaily Law Firm, PA<br>PO Box 1871<br>Florence, SC 29503-1871** | **DATE AND TIME 11/07/2024, prior to 5:00 PM** |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME , AM |
|---|---|

ANY SUBPOENAED ORGANIZATION NOT A PARTY TO THIS IS HEREBY DIRECTED TO RULE 30(b)(6), SOUTH CAROLINA RULES OF CIVIL PROCEDURE, TO FILE A DESIGNATION WITH THE COURT SPECIFYING ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, SHALL SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH HE WILL TESTIFY OR PRODUCE DOCUMENTS OR THINGS. THE PERSON SO DESIGNATED TESTIFY AS TO MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION.

I CERTIFY THAT THE SUBPOENA IS ISSUED IN COMPLIANCE WITH RULE 45(c)(1), AND THAT NOTICE AS REQUIRED BY RULE 45(b)(1) HAS BEEN GIVEN TO ALL PARTIES.

| Attorney/Issuing Officer's Signature | July 23, 2024<br>Date | George D. Jebaily<br>Print Name |
|---|---|---|

Indicate if Attorney for Plaintiff or Defendant
Attorney's Address and Telephone Number:
Jebaily Law Firm, PA, PO Box 1871, Florence, SC 29503-1871 - 843-667-0400 - Attorney for Plaintiffs

| Clerk of Court/Issuing Officer's Signature | Date | Print Name |
|---|---|---|

SCCA 254 (05/2015)

(See Rule 45, South Carolina Rules of Civil Procedure, Parts (c) & (d) on pages 2 and 3)

**EXHIBIT 1**

Pro Se Litigant's Name, Address and Telephone Number :

## PROOF OF SERVICE

| SERVED | DATE 7/23/2024 | FEES AND MILEAGE TO BE TENDERED TO WITNESS UPON DAILY ARRIVAL |
|---|---|---|
| | PLACE 2 Office Park Court, Suite 103, Columbia, SC 29223 | ☐YES ☒ NO AMOUNT $ |

| | |
|---|---|
| SERVED ON CT Corporation System., Registered Agent for Walmart Real Estate Business Trust | MANNER OF SERVICE Certified Mail |
| SERVED BY Kristi L. Lindley | TITLE Paralegal |

## DECLARATION OF SERVER

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on 7/23/2024

SIGNATURE OF SERVER

Jebaily Law Firm, PA, PO Box 1871, Florence, SC 29503-1871
ADDRESS OF SERVER

Rule 45, South Carolina Rules of Civil Procedures, Parts (c) and (d):

**(c) Protection of Persons Subject to Subpoenas.**

**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

**(2)(A)** A person commanded to produce and permit inspection and copying of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. A party or an attorney responsible for the issuance and service of a subpoena for production of books, papers and documents without a deposition shall provide to another party copies of documents so produced upon written request. The party requesting copies shall pay the reasonable costs of reproduction.

**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time in the court that issued the subpoena for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

**(3)(A)** On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

**(i)** fails to allow reasonable time for compliance; or

**(ii)** requires a person who is not a party nor an officer, director or managing agent of a party, nor a general partner of a partnership that is a party, to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

**(iii)** requires disclosure of privileged or otherwise protected matter and no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** If a subpoena:



(See Rule 45, South Carolina Rules of Civil Procedure, Parts (c) & (d) on pages 2 and 3)

**(i)** requires disclosure of a trade secret or other confidential research, development, or commercial information, or

**(ii)** requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

**(iii)** requires a person who is not a party nor an officer, director or managing agent of a party, nor a general partner of a partnership that is a party, to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

**(1)(A)**A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

**(B)** If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** A person responding to a subpoena need not produce the same electronically stored information in more than one form.

**(D)** A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(6)(B). The court may specify conditions for the discovery.

**(2)(A)** When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**(B)** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, the receiving party must take reasonable steps to retrieve the information. The person who produced the information must preserve the information until the claim is resolved.



(See Rule 45, South Carolina Rules of Civil Procedure, Parts (c) & (d) on pages 2 and 3)

**EXHIBIT A**
**SUBPOENA DUCES TECUM**
**WALMART REAL ESTATE BUSINESS TRUST**

Please produce and permit inspection and copying of the following documents or objects in your possession, custody, or control the following:

1. Copies of all written documents, which in any way relate to the nature and extent of the subject incident;

2. Copies of all written documents, which in any way relate to the nature and extent of the relationship between Walmart Real Estate Business Trust, and any successor corporation or entity, including but not limited to, contracts or purchase agreements, closing statements, agreements for the purchase of stock and/or assets, retained and excluded liabilities, indemnification agreements, and documents concerning responsibility on pending litigation;

3. Summary of claims, notices, and lawsuits filed against Walmart Real Estate Business Trust, including its subsidiary corporations and/or divisions, for personal injury sustained including description of claim, result of claim, name of case heading, county of filing, and file number;

4. A copy of any written report produced by Walmart Real Estate Business Trust, it's employees or management, following any incident of personal injury similar to the subject incident;

5. A copy of any investigation file of the subject incident maintained by Walmart Real Estate Business Trust management, or any representative;

6. A list of all agents, servants, representatives, employees, owners, managers or others who have knowledge of the facts of this case;

7. Copies of service, maintenance and repair records, including but not limited to, all repairs, maintenance, and modifications, as a result of the subject incident, of damage to property of Walmart Real Estate Business Trust;

8. All documentation on your employee-training program, specifically related to issues related to defective aisle signs at the premises/store/property in question;

9. All documentation on your employee-training program;

10. All policy and procedure manuals;

11. The policy and procedure manual, specifically for the maintaining of aisle signs at the premises/store/property in question;

12. Any and all photographs and/or video footage, whether hard copy, digital, electronic or otherwise, related to the subject incident involving the Plaintiff and Defendant, including but not limited to the area where the Plaintiff was injured which were taken prior to the time of, at the time of or following the subject incident;

13. Any and all records, brochures or manuals furnished to officers, stockholders, managers, agents, servants and/or employees of Walmart Real Estate Business Trust.

14. Any and all employee manuals and/or brochures, which describe job duties of employees and managers;

15. Any and all incident reports prepared by Walmart Real Estate Business Trust outlining the events of the subject incident;

16. The shareholder annual reports of Walmart Real Estate Business Trust for each of the last five (5) years;

17. The net worth of Walmart Real Estate Business Trust for each year from 2019 forward to the present date;

18. The revenue figures (both gross and net) for Walmart Real Estate Business Trust for each year from 2019 forward to present date.

19. Any and all financial statements issued to any person or institution by or on behalf of Walmart Real Estate Business Trust within the past five years;

20. Any and all financial documents compiled by or on behalf of Walmart Real Estate Business Trust for internal and external use within the past five years;

21. Average daily balance for all bank accounts for the last 24 months;

22. The net profit of Walmart Real Estate Business Trust for the last five (5) years;

23. A list of all property, both real and personal, in the name of Walmart Real Estate Business Trust on May 6, 2021 and currently;

24. A list of outstanding liabilities from May 6, 2021 to present including to whom any debts are owed, how much owed, when debt was incurred and its date of maturity;

25. Copies of any and all corporate documents;

26. Any and all Computer Based Learning Modules (CBLs) relating to the subject of this litigation;

27. Any and all documentation concerning reprimands by Walmart Real Estate Business Trust which are related to this litigation;

28. A full and complete copy of Walmart Real Estate Business Trust training manuals for the premises/store/property in question;

29. A full and complete copy of any performance evaluation for the employee(s) or contractor(s) assigned to handle the maintenance of the premises/store/property in question by Walmart Real Estate Business Trust;

30. The nature and extent of all liability, umbrella or excess insurance which may be applicable to the incident which is the subject of the Plaintiffs' Complaint.

31. Any additional information not specifically requested that relates to this incident and litigation.

Production of any portion of the documents requested will be deemed a representation by the party responding to the request, and its attorney, that no other documents or records covered by the terms of this subpoena exist. In other words, partial responses concluding with the phrase "Call me if you need anything else" will not satisfy the terms of this subpoena.

The records and documents covered by the terms of this subpoena should be produced whether kept in a physical file or folder, or kept loose, scattered, at large, free form, etc.

Unless otherwise indicated, this subpoena seeks original documents and records. Copies or reproductions are unacceptable unless authorized by separate cover.

Records, documents and files sought herein should be produced whether in written, recorded, electronic, digital, or any other format.

EXHIBIT 1

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | **FIFTEENTH JUDICIAL CIRCUIT** |
| **COUNTY OF HORRY** | ) | **Civil Action No.: 2024-CP-26-02599** |
| **Joshua L. Mathis,** | ) | |
| **Plaintiff,** | ) | **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT SCOTT BRISSON, JR. AS MANAGER OF WALMART SUPERCENTER STORE #5087** |
| **-vs-** | ) | |
| **Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc., Walmart Real Estate Business Trust, Walmart Stores East, LP,** | ) | |
| **Defendants.** | ) | |

TO: THE DEFENDANT,SCOTT BRISSON, JR. AS MANAGER OF WALMART SUPERCENTER STORE #5087.:

**INTERROGATORIES**

YOU ARE HEREBY served the following written Interrogatories to be answered separately and in writing by the above-named parties within thirty (30) days from the date of service hereof, pursuant to and in accordance with the provisions of Rule 33 of the South Carolina Rules of Civil Procedure.

These Interrogatories shall be deemed continuing so as to require supplemental answers if Defendant, or anyone on behalf of Defendant, obtains further information between the time the answers are received and the time of trial.

**INTERROGATORIES**

1. Give the names and addresses of persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2. Set forth a list of photographs, plats, sketches or other prepared documents in possession of the party or counsel that relate to any claim or the defense of the case.

3. Set forth the names and addresses of all insurance companies which have liability or any other insurance coverage relating to the claim and set forth the number or numbers of the policies involved and the amount or amounts of liability coverage provided in each policy.

4. List the names and addresses of any expert witnesses whom the party proposes to use as a witness at the trial of the case.

5. For each person known to the parties or counsel to be a witness concerning the facts of the case, set forth either a summary sufficient to inform the other party of the important facts known to or observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

6. Identify by name, address, and telephone number each person who has complained that he or she suffered an injury on the Defendant's premises in the past five years.

7. Identify all civil lawsuits filed in the past five years in which this Defendant is named as a defendant in such litigation. In responding, provide the caption of the case, the civil action number, the court in which such action was filed, and the disposition of such claim if ended. Identify whether or not still pending. Provide the name, address and telephone number of Plaintiffs' counsel in all such cases. If you respond with an objection, identify by name, address and telephone number each person consulted for the information sought, and who has provided information, which in whole or in part, provides the basis of the objection.

8. Identify with specificity and in detail any changes or alterations to the Defendant's premises which have occurred in the area where Plaintiff was injured, subsequent to the injury.

9. Please identify any warnings utilized since the time of Plaintiff's injuries which were not in use prior to Plaintiff's injuries, including the time of the injury.

10. Identify each person who conducted, or participated in, any investigation of the incident complained of in the Complaint, other than counsel for the Defendant and counsel's legal staff.

11. Identify with particularity any and all documents contained in any file created as part of any investigation into the incident, other than similar documents created by Defendant's counsel.

12. Identify any policies or procedures for inspection of the premises for the purpose of identifying dangerous circumstances which could cause injury to customers and patrons of the Defendant.

13. Identify any and all surveillance tapes, video, photographs or other recorded visual images taken within the 24-hour period of time preceding, and the 24 hour period of time subsequent to the time of Plaintiff's injuries and including the time of the injury.

14. Describe in detail the area where Plaintiff's injuries occurred.

15. How did the Defendant first learn of the incident complained of in the Complaint?

16. Identify with specificity all training procedures utilized for the training of Defendant's employees with regard to customers being injured by signage/aisle signs inside the store, locating and identifying potentially dangerous or hazardous conditions on Defendant's premises, and similar training within the two year period of time preceding Plaintiff's injuries. (This Interrogatory is intended to discover such information as video tapes shown to employees as part of training, any seminars to which employees have been sent for training, in-house training materials, audio cassettes, films, slide shows presentations and any and all other training received by any employees of the Defendant within the time period requested as to the matters identified in this Interrogatory.)

17. Please identify by name, address, title and job description, each employee or representative of the Defendant, other than Defendant's counsel and supporting legal staff, who provided any information utilized in answering these Interrogatories on behalf of the Defendant.

18. Identify with particularity each document which provided any instructions, directives, orders, policies or procedures in effect for maintaining and promoting the safety of customers at the time of Plaintiff's injuries.

19. Identify with the name, address and telephone number any person or entity whom you believe to be partially, or completely, responsible for the injury suffered by Plaintiff on or about May 6, 2021.

20. Identify any and all written or recorded statements and/or incident reports made by any person regarding this incident. If any privilege is claimed with respect to any such written or recorded statement, identify the nature of the privilege, the date, time and location where the statement was taken or created, and any and all persons present at the time the statement was created. (Provide a detailed Privilege Log).

21. Identify with particularity any and all prior injuries and conditions which you allege the Plaintiff has suffered which are the same or similar to the injuries suffered as a result of the incident complained of in the Complaint.

22. If you contend that any other person or entity contributed to, or solely caused Plaintiff's injuries, describe with particularity the manner in which such person or entity contributed to or solely caused, such injuries.

23. Identify all contact with the Plaintiff by the Defendant, or any of the Defendant's employees or agents, following the time of Plaintiff's injuries up to and including through the present. This Interrogatory should be supplemented as appropriate up to and including the time of trial.

24. Identify any persons who have observed or recorded the Plaintiff in any fashion whatsoever from the time of the incident up to and including through the present. This Interrogatory should be supplemented as appropriate up to and including the time of trial.

25. Please identify by full name, home address, correct title and position within the Defendant's organizational structure, all persons with responsibility for each of the following:

a. Maintaining the safety of customers of the Defendant's at the location in question for a twelve month period of time preceding the time of Plaintiff's injuries and including the time of the injury. In responding to this Interrogatory, provide the chain of command for each person beginning with the highest level employee (for example, the Chief Executive Officer) with such responsibilities, down through and including any salaried or hourly waged employee who had direct responsibility for maintaining a safe premises for customers;

b. Monitoring the premises on any basis for dangerous conditions;

c. Putting up warnings of hazardous/dangerous conditions;

d. Putting up warning signs, cones, barriers or other devices and signs whose primary purposes are to keep customers away from hazardous and dangerous conditions;

e. Purchasing warning signs, cones, barriers or other devices or signs for the purpose of keeping customers away from hazardous and dangerous conditions; and,

f. Installing and maintaining aisle signs upon the premises.

26. Identify the type of business form in which the Defendant Walmart conducts business. (For example, C-Corporation, Sub-S Corporation, Limited Liability Company, Partnership, Sole Proprietorship, Joint Venture, Limited Partnership, etc.)

27. Identify the date on which the Defendant Walmart's entity commenced business in the State of South Carolina and identify all names under which the Defendant's entity has conducted business in the State of South Carolina, providing the dates for each.

28. If you contend that any Defendant is not properly named in the caption of the Complaint, state what you contend to be the proper name of such Defendant entity or person.

29. Identify with specificity, including name, address and telephone number, the owner of the premises at the time of Plaintiff's injuries.

30. If any lease or sub-lease, etc. was in effect at the time of Plaintiff's injuries, identify all tenants, sub-tenants, etc.

31. Identify with specificity, including name, address and telephone number, the property management company of the premises at the time of Plaintiff's injuries.

32. What legal status do you allege the Plaintiff held from first entrance onto the Defendant's premises, up to and including the time of the injury (*e.g.*, business invitee)?

JEBAILY LAW FIRM, P.A.

BY: ______________________________

George D. Jebaily/SC Bar No.: 2965
Post Office Box 1871
Florence, South Carolina 29503-1871
Phone: (843) 667-0400
Fax: (843) 661-6424
E-mail: gjebaily@jebailylaw.com
ATTORNEY FOR PLAINTIFF

Florence, South Carolina

August 5, 2024

**EXHIBIT 1**

| | |
|---|---|
| **STATE OF SOUTH CAROLINA**<br>**COUNTY OF HORRY** | **IN THE COURT OF COMMON PLEAS**<br>**FIFTEENTH JUDICIAL CIRCUIT**<br>**Civil Action No.: 2024-CP-26-02599** |
| **Joshua L. Mathis,**<br>**Plaintiff,**<br>**-vs-**<br>**Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc. Walmart Real Estate Business Trust, Walmart Stores East, LP,**<br>**Defendants.** | **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, SCOTT BRISSON, JR. AS MANAGER OF WALMART SUPERCENTER STORE #5087** |

TO: THE DEFENDANT, SCOTT BRISSON, JR. AS MANAGER OF WALMART SUPERCENTER STORE #5087.:

**REQUESTS FOR PRODUCTION**

The Plaintiff requests that the Defendant produce the documents requested below and permit the Plaintiff to copy each of the original documents in accordance with Rule 34 of the South Carolina Rules of Civil Procedure. Production responses to this request shall be made at the offices of Jebaily Law Firm, P.A., Post Office Box 1871, Florence, South Carolina, 29503-1871, within thirty (30) days of service hereof.

**REQUESTS FOR PRODUCTION**

1. Please provide any and all documents referenced in the Answers to Interrogatories or used in responding to Interrogatories.

2. Please provide any and all expert reports regarding the incident or relating to this lawsuit.

3. Please provide any and all documents that Defendant intends to use at trial as evidence or as an exhibit.

4. Please provide any and all statements, incident reports, memoranda, or other writings signed or unsigned, descriptions of statements, records, or other written accounts relating to the

facts alleged in the lawsuit, or of any other investigations with regard to the incident of May 6, 2021.

5. Please produce copies of any and all photographs that relate to either the incident or the alleged injuries to Plaintiff as a result of any of the incidents alleged in the complaint.

6. Please produce all recordings, films, charts, sketches, or graphs of the incident and the facts occurring thereafter, including photographs, whether digital or otherwise, regarding this case.

7. Please provide all investigations and the results thereof conducted by the Defendant, Defendant's counsel or any other organization regarding this case.

8. Any and all indemnity agreements between the Defendant and any other person or entity that relates in any fashion to Plaintiff's claims.

9. Any and all contracts between the owner and occupier of the premises at the time of Plaintiff's injury.

10. Any and all lease agreements, sub-lease agreements or similar agreements in effect for the premises at the time of Plaintiff's injury.

11. Any and all maintenance or repair services in effect at the time of Plaintiff's injury.

12. Any and all documents, architectural renderings, plans, drawings, specifications and similar written materials which relate to the area where Plaintiff was injured.

13. Each document which describes this Defendant Walmart's legal status at the time of Plaintiff's injury. (This request for production seeks, as applicable, articles of incorporation, partnership agreements, management or operating agreement for any limited liability company, etc.)

14. Any and all training manuals, policy and procedure manuals, or other written documentation relating to the manner in which Defendant and its agents/employees could have, or

should have, been conducting themselves in the general time preceding and following Plaintiff's injury and including the time of the injury.

15. Any and all materials, photographs, video tapes, audio cassettes, diagrams, slide show presentations, and other materials or guidelines utilized to train Defendant's employees for the two years preceding Plaintiff's injury, up to and including the present.

16. Any and all photographs, video tapes, surveillance videos and similar imagery of the scene where Plaintiff suffered injuries.

17. Any and all reports prepared by any persons investigating the matters complained of in the Complaint, including expert witness reports, with the exception of documents prepared by Defendant's counsel. If any privilege is claimed with respect to any such documents, identify the nature of the document, the date and time of its preparation, the person requesting the preparation of the document, the person(s) to whom the document was provided, and the current whereabouts of the document and all copies.

18. Produce copies of all complaints naming the Defendant Walmart as a defendant, where the complaint included allegations of an injury occurring on the Defendant Walmart's premises, and which was filed within the five-year period of time preceding Plaintiff's injury and up to and including the present.

19. Any and all settlement agreements and releases with any persons who have alleged to have been injured on the Defendant Walmart's premises in the five-year period of time preceding Plaintiff's injury, up to and including the present.

20. Please produce copies of all documents obtained by the Defendant or anyone acting on his behalf via Subpoena *Duces Tecum,* signed authorization form, FOIA request, or other legal process. Please also produce subpoenas and/or other requests served upon any **non-parties** as well as copies of all documents you received in response to said subpoenas/requests.

This is intended as an ongoing request pursuant to SCRCP 34 and 45(c)(2)(A) and applies to any Subpoena *Duces Tecum* or other request, form, or process issued or sent either before or after these Requests for Production.

21. If a document is withheld under a claim of privilege, then pursuant to Rule 26(b)(5), SCRCP, please furnish a comprehensive list identifying each document for which privilege is claimed, together with the following information:

a. Date

b. Sender

c. Recipient

d. Persons to whom copies were furnished together with their job titles

e. Subject matter, and

f. Basis upon which privilege is claimed.

JEBAILY LAW FIRM, P.A.

BY: ______________________________

George D. Jebaily, SC Bar No.: 2965
Post Office Box 1871
Florence, South Carolina 29503-1871
Phone: (843) 667-0400
Fax: (843) 661-6424
E-mail: gjebaily@jebailylaw.com
ATTORNEY FOR PLAINTIFF

Florence, South Carolina

August 5, 2024

**EXHIBIT 1**

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF HORRY | ) | IN THE COURT OF COMMON<br>FIFTEENTH JUDICIAL CIRCUIT<br>C/A NO.: 2024-CP-26-02599 |
| Joshua L. Mathis,<br>Plaintiff,<br>vs.<br>Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc., Walmart Real Estate Business Trust, Walmart Stores East, LP,<br>Defendants. | ) | **PLAINTIFFS' NOTICE OF VIDEO DEPOSITION OF DEFENDANT, SCOTT BRISSON, JR. AS MANAGER OF WALMART SUPERCENTER STORE #5087** |

TO: THE DEFENDANT ABOVE-NAMED:

PLEASE TAKE NOTICE that the Plaintiff will take the video deposition pursuant to the South Carolina Rules of Civil Procedure of the following:

| | |
|---|---|
| Deponent: | Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087 |
| Date: | Thursday, November 14, 2024 |
| Time: | 10:00 a.m. |
| Location: | Jebaily Law Firm, P.A.<br>697 North Main Street<br>North Myrtle Beach, SC 29582 |

before Court Reporter/Videographer authorized by law to take depositions, or some other officer authorized by law to administer oaths. The examination will continue from day to day until completed.

JEBAILY LAW FIRM, P.A.

BY: ______________________

George D. Jebaily, SC Bar No.: 2965
Post Office Box 1871
Florence, SC 29503-1871
Phone: (843) 667-0400
Fax: (843) 661-6424
E-mail: gjebaily@jebailylaw.com
ATTORNEY FOR PLAINTIFF

Florence, South Carolina

August 5, 2024

**EXHIBIT 1**

# STATE OF SOUTH CAROLINA

ISSUED BY THE COMMON PLEAS COURT IN THE COUNTY OF HORRY

Joshua L. Mathis, Plaintiff

v.

Scott Brisson, Jr. as Manager of Walmart Supercenter Store #5087, Walmart, Inc., Walmart Real Estate Business Trust, Walmart Stores East, LP, Defendants

SUBPOENA IN A CIVIL CASE

Case Number: 2024-CP-26-02599

Pending in Horry County

**TO: Scott Brisson, Jr., Manager c/o Walmart Supercenter #5087, 550 Hwy. 17 North, North Myrtle Beach, SC 29582**

☐ YOU ARE COMMANDED to appear in the above named court at the place, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME , AM |

☒ **YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.**

| | |
|---|---|
| **PLACE OF DEPOSITION**<br>**Jebaily Law Firm, PA**<br>**697 Main Street**<br>**North Myrtle Beach, SC 29582** | **DATE AND TIME 11/14/2024 10:00 AM** |

☒ **YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects in your possession, custody or control at the place, date and time specified below (list documents or objects): See Exhibit A Attachment for Documents**

| | |
|---|---|
| **PLACE Jebaily Law Firm, PA**<br>**PO Box 1871**<br>**Florence, SC 29503-1871** | **DATE AND TIME 11/07/2024, prior to 5:00 PM** |
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME , AM |
|---|---|

ANY SUBPOENAED ORGANIZATION NOT A PARTY TO THIS IS HEREBY DIRECTED TO RULE 30(b)(6), SOUTH CAROLINA RULES OF CIVIL PROCEDURE, TO FILE A DESIGNATION WITH THE COURT SPECIFYING ONE OR MORE OFFICERS, DIRECTORS, OR MANAGING AGENTS, OR OTHER PERSONS WHO CONSENT TO TESTIFY ON ITS BEHALF, SHALL SET FORTH, FOR EACH PERSON DESIGNATED, THE MATTERS ON WHICH HE WILL TESTIFY OR PRODUCE DOCUMENTS OR THINGS. THE PERSON SO DESIGNATED TESTIFY AS TO MATTERS KNOWN OR REASONABLY AVAILABLE TO THE ORGANIZATION.

I CERTIFY THAT THE SUBPOENA IS ISSUED IN COMPLIANCE WITH RULE 45(c)(1), AND THAT NOTICE AS REQUIRED BY RULE 45(b)(1) HAS BEEN GIVEN TO ALL PARTIES.

| Attorney/Issuing Officer's Signature | Adedst 4, 2024<br>Date | George D. Jebaily<br>Print Name |
|---|---|---|

Indicate if Attorney for Plaintiff or Defendant
Attorney's Address and Telephone Number :
Jebaily Law Firm, PA, PO Box 1871, Florence, SC 29503-1871 - 843-667-0400 - Attorney for Plaintiffs

| Clerk of Court/Issuing Officer's Signature | Date | Print Name |
|---|---|---|



(See Rule 45, South Carolina Rules of Civil Procedure, Parts (c) & (d) on pages 2 and 3)

**EXHIBIT 1**

Pro Se Litigant's Name, Address and Telephone Number :

## PROOF OF SERVICE

| SERVED | DATE | FEES AND MILEAGE TO BE TENDERED TO WITNESS UPON DAILY ARRIVAL |
|---|---|---|
| | PLACE Walmart Supercenter #5087, 5550 Hwy. 17 North, North Myrtle Beach, SC 29582 | ☐YES ☒NO AMOUNT $ |

| | |
|---|---|
| SERVED ON Manager Walmart Store # 5087 | MANNER OF SERVICE |
| SERVED BY | TITLE |

## DECLARATION OF SERVER

I certify that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____________________

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, South Carolina Rules of Civil Procedures, Parts (c) and (d):

**(c) Protection of Persons Subject to Subpoenas.**

**(1)** A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

**(2)(A)** A person commanded to produce and permit inspection and copying of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. A party or an attorney responsible for the issuance and service of a subpoena for production of books, papers and documents without a deposition shall provide to another party copies of documents so produced upon written request. The party requesting copies shall pay the reasonable costs of reproduction.

**(B)** Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time in the court that issued the subpoena for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

**(3)(A)** On timely motion, the court by which a subpoena was issued, or regarding a subpoena commanding appearance at a deposition, or production or inspection directed to a non-party, the court in the county where the non-party resides, is employed or regularly transacts business in person, shall quash or modify the subpoena if it:

**(i)** fails to allow reasonable time for compliance; or

**(ii)** requires a person who is not a party nor an officer, director or managing agent of a party, nor a general partner of a partnership that is a party, to travel more than 50 miles from the county where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held; or

**(iii)** requires disclosure of privileged or otherwise protected matter and no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** If a subpoena:

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party nor an officer, director or managing agent of a party, nor a general partner of a partnership that is a party, to incur substantial expense to travel from the county where that person resides, is employed or regularly transacts business in person, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1)(A)A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(6)(B). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, the receiving party must take reasonable steps to retrieve the information. The person who produced the information must preserve the information until the claim is resolved.



(See Rule 45, South Carolina Rules of Civil Procedure, Parts (c) & (d) on pages 2 and 3)